# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-240V

|  |  |
|---|---|
| MEGAN BERTHIAUME,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 3, 2026 |

*Mark Theodore Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.*

**<u>DECISION AWARDING DAMAGES</u>**[1]

On February 15, 2024, Megan Berthiaume filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination received on September 27, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 5, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On April 3, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $66,000.00 for pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id*. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

> **A lump sum payment of $66,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| | ) | |
| MEGAN BERTHIAUME, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 24-240V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN | ) | |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

<u>**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**</u>[1]

On February 15, 2024, Megan Berthiaume ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine she received on September 27, 2022, as well as "biceps tendinitis of [the] left shoulder, left shoulder tendinitis, and bursitis of the left shoulder."[2]  Petition at 1.  On March 4, 2026, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury.[3]  ECF No. 36.  On March 5, 2026, the Chief Special Master issued a Ruling

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2]   In the alternative, petitioner alleged that the flu vaccine either caused in fact or significantly aggravated these conditions.  Petition at 1.

[3]  Respondent does not concede that the flu vaccine caused in fact or significantly aggravated any other injury or condition.

on Entitlement finding petitioner entitled to compensation.  ECF No. 37.  Respondent now

proffers the following regarding the amount of compensation to be awarded.

I.    **Compensation**

Respondent proffers that petitioner should be awarded $66,000.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  This amount represents all elements of compensation to which

petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.    **Form of the Award/Recommended Payment**

The parties recommend that the compensation provided to petitioner should be made

through one lump sum payment as described below and request that the Chief Special Master's

decision and the Court's judgment award the following:[4]

> A lump sum payment of **$66,000.00** to be paid through an ACH deposit to petitioner's
> counsel's IOLTA account for prompt disbursement to petitioner, Megan Berthiaume.

> Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON JR.
Assistant Director
Torts Branch, Civil Division

---

[4] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future lost earnings, and future pain and suffering.

2

/s/ *Catherine E. Stolar*
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-3299
Email: catherine.stolar@usdoj.gov

DATED:  April 3, 2026

CERTIFICATE OF SERVICE

I certify that today, April 3, 2026, a copy of the foregoing pleading was served by

electronic mail on Mark Sadaka at mark@sadakafirm.com and vaccine_ecf@sadakafirm.com.


s/ *Catherine E. Stolar*

4